A. G. HUNSUCKER v. JOHN FARMER and WM. P. FARMER.

The declarations of a lessee, (not a party to the action,) concerning the lease and the transactions between himself and the defendant, are not admissible in evidence in an action between such defendant and a third party, in which a counter claim is set up growing out of an assignment of the lease,

CIVIL ACTION, commencing in a Justice's Court, and carried by appeal to the Superior Court of CHEROKEE county, and there tried before *Cannon, J.*, at Fall Term, 1874.

The complaint of the plaintiff is founded on a bond, execu-
ted by the defendants for a certain tract of land.

In the answer the defendants set up a counter-claim, growing
out of a lease to one Bates, and the alleged assignment of that
lease to the defendants, for rents due thereunder, after the
sale of the land to them by the plaintiff.

On the trial below, several questions arose and were decided
by the Court, which, not being considered in this Court, it is
unnecessary to notice.

The case states, that the defendants offered to prove the
declarations of Bates, the lessee, concerning the lease and the
transaction between him and defendants, after the sale of the
land, and while Bates was in possession under the lease, for
the purpose of showing, they had used due diligence in en-
deavoring to collect the rents.  This, in reply to the position
of the plaintiff, that at best, he was only a guarantor.  The
plaintiff objected to this evidence, but it was received by his
Honor, whereupon plaintiff excepted.

There was a verdict and judgment for the defendants.
Plaintiff appealed.

*Battle & Son*, for appellant.
*A. T. & T. F. Davidson*, contra.

READE, J.  The rule is that the declarations of a third per-
son are but hearsay, and not evidence.  The person himself
ought to be introduced as a witness.  There are some excep-
tions to this rule, but there is nothing to bring the declaration
of Bates within the exceptions.  They were offered to prove a
" transaction," and that the defendant had used " due dili-
gence " in endeavoring to collect a debt, which plaintiff alleged
he was bound for, if at all, only as guarantor.

As this error entitles the plaintiff to a new trial, it is not
necessary to decide other points raised, as they will probably
be avoided on the next trial.

There is error.   *Venire de novo.*

PER CURIAM.                         *Venire de novo.*